IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE CHRISTENSEN,
fka Jane Shipman,

                     Plaintiff,

    vs.                                            CIVIL NO.  13-361 JP/LFG

CITY OF BLOOMFIELD
and DAVID FUQUA,

                     Defendants.

## ORDER VACATING RULE 16 SCHEDULING CONFERENCE

THIS MATTER came before the Court at a Fed. R. Civ. P. 16 scheduling conference commenced on September 25, 2013.  Plaintiff's counsel advises that Ms. Christensen filed a lawsuit in State court against the City of Bloomfield and one of its supervisors David Fuqua arising out of the same course of conduct that gave rise to the present federal claims.  The lawsuits involve the same Plaintiff, the same Defendants, and the same lawyers.  The same discovery and motion practice will be required in both fora.

The Court expressed concern about the inefficiency, increased costs and potential dangers of parallel litigation.  Pursuant to the Federal Rules of Civil Procedure, there are limitations in discovery, with respect to numbers of interrogatories and depositions, the length of depositions, and allowance of re-depositions.  State procedure rules differ.  For example, under Fed. R. Civ. P 33(a)(1), there is a limit of 25 interrogatories, but, in State court, 50 interrogatories may be taken.  In federal court, only ten depositions per side may be taken; State court has no limit.  Thus, notwithstanding the fact that a federal judge may limit interrogatories in a case, a party with parallel State litigation could circumvent limitations in federal court by serving interrogatories in State court,

and, in doing so, make an "end run" around the federal court discovery limit.

In federal litigation, time limits are imposed and generally enforced. Pursuant to the district's Civil Justice Expense and Delay Reduction Plan ("Plan"), there is a managing pretrial judge who oversees case management, non-dispositive motions and discovery.   That judge also conducts a settlement conference.  There are no similar case managers or individuals in State court to perform these functions, save for the trial judge.  Under the Plan, there are target dispositional dates within which this federal case must be brought to a conclusion; there are no similar target disposition dates in State Court.

Under the federal Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, the Court is required to take all reasonable steps to reduce the costs of litigation and expedite the final disposition of a case.  State courts do not operate with any similar legislation imposing deadlines, limiting costs or reducing delays.  Parallel litigation increases costs and contributes to delay.  Thus, proceeding with parallel litigation is contrary to the CJRA.

Further, parallel litigation raises the risk of inconsistent rulings.  Two different judges may reach different conclusions on various matters.  So, too, different fact finders hearing cases on the merits may reach different conclusions.  Inconsistent determinations do not foster confidence in the civil justice system.  The dangers of inconsistent determinations and increased costs and delays are reduced or eliminated if one forum handles the entire case.

When the Plaintiff advised the Court about the parallel litigation, the Court suggested that all matters be joined in a single lawsuit.  Defendants were not opposed to the proposal and indicated that they would concur in the filing of an amended complaint joining the State action and the federal action.  By filing an amended complaint in federal court, the State lawsuit could be dismissed, and, the United States District Court would control the entire lawsuit.  The joinder of all claims in one

lawsuit is consistent with the cost-savings provisions of the CJRA, and promotes efficiency, economy, and expediency.

Plaintiff's counsel, however, indicated that no decision had been made whether to combine all claims.  That being the case, the Court declined to proceed with the scheduling conference and, instead, afforded Plaintiff twenty days within which to decide whether she wishes to file an amended complaint, provide Defendants with a copy of the proposed amended complaint, and to submit an unopposed motion to amend to the Court.  Once the entire case is in this forum, the Court will proceed with a scheduling conference.

Alternatively, if Plaintiff declines to amend her complaint to bring all matters before one forum, the Court will set a new scheduling conference at a later date and issue an appropriate order calculated to reduce some of the risks of parallel litigation.  In the interim, the Rule 16 conference was vacated.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge